UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LARRY E. ROBBINS,

       Petitioner,

v.                                             Case No. 5:12-cv-619-Oc-23PRL

SECRETARY, DEPT. OF
CORRECTIONS., et al.,

       Respondents.

_____/

## ORDER

      Serving a life sentence at Avon Park Correctional Institution in Avon Park, Florida, Larry E. Robbins moves (Doc. 1) under 28 U.S.C. § 2254 for the writ of habeas corpus.  The respondents move (Doc. 7) to dismiss the petition as untimely. An evidentiary hearing is unnecessary.

### State Court

      On April 19, 2005, in the Circuit Court for Citrus County, Florida, Robbins was convicted of attempted murder of a law enforcement officer and aggravated battery of a law enforcement officer.  Robbins was sentenced to concurrent terms of thirty years imprisonment.  (Doc. 7, Ex. A)  The state appealed, and on June 23, 2006, the appellate court remanded for imposition of a mandatory life sentence for aggravated battery of a law enforcement officer.  *State v. Robbins,* 936 So. 2d 22 (Fla. 5th DCA 2006).  (Doc. 7, Ex. D)

On March 6, 2008, the mandatory life sentence for aggravated battery of a law enforcement officer was imposed.  (Doc. 7, Ex. P).  Robbins appealed, and the appellate court *per curiam* affirmed on October 7, 2008.  *Robbins v. State*, 992 So. 2d 271 (Fla. 5th DCA 2008).  (Doc. 7, Ex. S)

On January 11, 2009, Robbins moved under Rule 3.850, Florida Rules of Criminal Procedure, for post-conviction relief.  (Doc. 7, Ex. U)  After an evidentiary hearing, the trial court denied the motion.  The appellate court *per curiam* affirmed on January 25, 2011, and the mandate issued on February 16, 2011.  *Robbins v. State*, 56 So.3d 23 (Fla. 5th DCA 2011).  (Doc. 7, Exs. U, Y)

On December 11, 2011, Robbins moved under Rule 3.800, Florida Rules of Criminal Procedure, to correct an illegal sentence.  (Doc. 7, Ex. CC)  The trial court summarily denied the motion.  The appellate court *per curiam* affirmed, and the mandate issued on August 3, 2012.  Robbins v. State, 93 So.3d 1046 (Fla. 5th DCA 2012).  (Doc. 7, Exs. DD, GG)

### Timeliness of Petition

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) created a limitation for a petition for the writ of habeas corpus under 28 U.S.C. § 2254.  "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of . . . the date on which the judgment became final by the

conclusion of direct review or the expiration of the time for seeking such review . . ."
28 U.S.C. § 2244(d)(1)(A).  Additionally, "[t]he time during which a properly filed
application for State post-conviction or other collateral review with respect to the
pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection."  28 U.S.C. § 2244(d)(2).

Robbins' sentence was final when the time within which to seek review in the
United States Supreme Court expired – January 5, 2009 – which is ninety days after
the appellate court's October 7, 2008, affirmance of Robbins's life sentence.  *Nix v.
Sec'y for the Dep't of Corr.*, 393 F.3d 1235, 1236-37 (11th Cir. 2004).

On January 11, 2009, the day of Robbins' state court post-conviction motion,
six days of the AEDPA's one-year limitation had expired.  On February 16, 2011, the
day the mandate issued on Robbins' appeal from the denial of his Rule 3.850 post-
conviction motion, three hundred fifty-nine days remained within which to timely
petition under 28 U.S.C. § 2254.

On December 11, 2011 – two hundred ninety-eight days later – Robbins moved
in state court to correct an illegal sentence.  On August 3, 2012, the day the mandate
issued on Robbins' appeal from the denial of his motion to correct an illegal sentence,
sixty-one days of the one-year limitation remained.  The limitation expired on
October 3, 2012.  Accordingly, Robbins' petition, signed and provided to prison
officials for mailing on November 5, 2012, is untimely.

- 3 -

Robbins' argument for equitable tolling of the AEDPA's one-year limitation is unpersuasive.  Equitable tolling occurs when "extraordinary circumstances have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Diaz v. Sec'y for Dept. of Corr.,* 362 F.3d 698, 700 (11th Cir. 2004) (quoting *Helton v. Sec'y for Dept. of Corr.,* 259 F.3d 1310, 1312 (11th Cir. 2001).  A petitioner must show that a petition's untimeliness was "both beyond his control and unavoidable even with due diligence." *Johnson v. United States,* 340 F.3d 1219, 1266 (11th Cir. 2003) (§ 2255 case).

A petitioner bears the burden of showing entitlement to relief based on "extraordinary circumstances . . . both beyond his control and unavoidable even with diligence." *Drew v. Dep't of Corr.,* 297 F.3d 1278, 1286 (11th Cir. 2002).  Robbins fails to demonstrate that the untimeliness of his petition was both beyond his control and unavoidable with due diligence.

Robbins' conclusory assertion of entitlement to an "actual innocence" exception to the one-year limitations is also unpersuasive.  An "actual innocence" exception to the AEDPA's one-year limitation, if such an exception exists, requires the petitioner (1) to present new reliable evidence that was not presented at trial and (2) to show a probability that "no reasonable juror would have found petitioner guilty beyond a reasonable doubt" after considering the new evidence. *Rozzelle v. Sec'y, Fla. Dep't of Corr.,* 672 F.3d 1000, 1011 (11th Cir. 2012) (quoting *Schlup v. Delo*, 513 U.S.

298, 324 (1995)).  To be credible, "such a claim requires [a] petitioner to support his

allegations of constitutional error with new reliable evidence – whether it be

exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical

evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324.  Robbins'

conclusory assertions are insufficient.

### Conclusion

For the foregoing reasons, the petition is **DISMISSED WITH PREJUDICE**.

The clerk is directed (1) to enter judgment denying the petition and dismissing the

action with prejudice, (2) to terminate any pending motion, and (3) to close the case.

ORDERED in Tampa, Florida, on July 25, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE